# BANK OF CABOT *v.* Mark RAY

83-25                                    648 S.W.2d 800

Supreme Court of Arkansas
Opinion delivered April 18, 1983

*Joe O'Bryan,* for appellant.

*Lance L. Hanshaw,* for appellee.

GEORGE ROSE SMITH, Justice. Mark Ray, the appellee, brought this action against the Bank of Cabot for the conversion of a 1967 Pontiac car that Mark, then 20 years old, was rebuilding himself. This appeal from a judgment in Mark's favor for compensatory and punitive damages comes to the Supreme Court as a tort action. Rule 29 (1) (o). The judgment must be reversed, because the plaintiff failed to introduce any proof of the fair market value of the car.

Mark testified that in 1978 he had a LeMans car which he had damaged beyond repair in a wreck. He bought the 1967 Pontiac for $200 and paid his cousin $350 to put the Lemans engine in the Pontiac. Mark testified to the cost of various parts he bought and installed, but the car was not yet in a condition to be dirven when the bank converted it. There was no testimony by either side about the fair market value of the partly rebuilt Pontiac, but the trial judge overruled an objection on that score, saying that there was no way to give the jury some idea of the market value except by proof of the state of the repairs. The jury was instructed that the measure of damages would be the fair market value of the car, but in the absence of supporting proof the submission of that issue was error. *Ford Motor Credit Co.* v. *Herring,* 267 Ark. 201, 589 S.W.2d 584 (1979).

There was sufficient evidence to justify the submission of the issue of punitive damages. The bank, as agent for the owners of a house near Cabot, had rented it either to Mark's girlfriend or to her and Mark together. In seeking to recover possession the bank served a notice to vacate on both Mark and the girl. It directed them to deliver possession on or before September 30 and to "remove all property including cars." The bank, however, took possession of the house before September 30 and had the Pontiac hauled away and crushed, thinking it to be an abandoned junk car. When Mark went to the house on September 30 and found the car to be missing, he reported it to the police as a stolen car.

In view of the language in the notice to vacate, the bank's premature repossession, and its precipitate destruction of the car, the evidence was sufficient to support the court's submission of AMI 2217 on punitive damages,

leaving it to the jury to decide whether malice should be inferred. AMI Civil 2d, 2217 (1974). The court, however, should not have used the bracketed reference to the bank's financial condition, for there was no proof about that matter.

A third point for reversal relates to the plaintiff's motion that the bank not be permitted to cross-examine Ray about a conviction for the delivery of a controlled substance. The court did not make a final ruling, and until it does so, weighing the impeachment value of the conviction against its prejudicial effect, we are not in a position to say how the trial court should exercise its discretion. The bank's fourth point is without merit. The trial judge properly refused to give the bank's requested instruction No. 6, which would have told the jury that Mark Ray was not a tenant — a disputed question of fact.

Reversed and remanded for a new trial.